UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT R.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No. CV 18-10601-KK <br><br> ORDER GRANTING IN PART MOTION FOR EQUAL ACCESS TO JUSTICE ACT FEES |

## I.

## **INTRODUCTION**

On March 12, 2019, Plaintiff's counsel, Andrew T. Koenig ("Counsel"), filed a Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("Motion"). ECF Docket No. ("Dkt.") 24. The Motion seeks fees in the amount of $6,989.44 for representing Gilbert R. ("Plaintiff") in the underlying proceedings before this Court. Id. On April 2, 2020, Andrew Saul ("Defendant") filed an Opposition. Dkt. 27. On April 7, 2020, Counsel filed a Reply seeking additional fees to draft the Reply for a total award of $7,297.32 and $400 in court costs. Dkt. 28. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge,

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

pursuant to 28 U.S.C. § 636(c). Dkts. 9, 25. For the reasons stated below, the Motion is GRANTED IN PART.

## II.

## **RELEVANT BACKGROUND**

On December 21, 2018, Plaintiff filed a Complaint seeking to reverse Defendant's decision denying Plaintiff's application for Title XVI Supplemental Security Income Benefits ("SSI"). Dkt. 1, Compl.

On October 21, 2019, the undersigned Magistrate Judge issued a Report and Recommendation that Defendant's decision be reversed and the action be remanded for further proceedings. Dkt. 18. The Court applied the substantial evidence standard and found the Administrative Law Judge ("ALJ") (a) failed to give specific, clear and convincing reasons for rejecting Plaintiff's subjective complaints of impairment, and (b) failed to provide any reasons for rejecting the testimony of Plaintiff's girlfriend, Alexandria Pimentel. Id.

On December 19, 2019, the Court issued an Order accepting the findings and recommendation of the Magistrate Judge, and entered Judgment reversing Defendant's decision and remanding the case for further proceedings consistent with the Order pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. 22, Order at 16; dkt. 23, Judgment.

On March 12, 2020, Counsel filed the instant Motion seeking $6,989.44 in fees for representing Plaintiff in the underlying proceedings before this Court pursuant to the Equal Access to Justice Act ("EAJA"). Dkt. 24; see also dkt. 24 at 8-11, Declaration of Andrew T. Koenig ("Koenig Decl.") ¶ 9. Counsel states 34.1 hours of attorney time were expended. Koenig Decl., ¶¶ 4-8.

On April 2, 2020, Defendant filed an Opposition, arguing the Court should deny the Motion because (1) the ALJ was substantially justified in discounting the testimony of Plaintiff and Pimentel and, therefore, Defendant was substantially justified in defending the ALJ's decision; and (2) the fees requested are unreasonable.

1  Dkt. 27.  In addition, Defendant argues any EAJA fees awarded must be made
2  payable to Plaintiff subject to any offset allowed under the U.S. Department of
3  Treasury's Offset Program.  Id. at 10.
4        On April 7, 2020, Counsel filed a Reply arguing (1) the ALJ's decision was not
5  substantially justified; (2) the fees requested are reasonable; and (3) Counsel seeks
6  additional fees for 1.5 hours spent preparing the Reply for a total award of $7,297.32
7  and $400 in court costs.  Dkt. 28.  In addition, Counsel clarified the fee award should
8  be made payable to Counsel because he seeks compensation pursuant to a fee
9  agreement dated December 14, 2018, which states Plaintiff "assigns to, and designates
10 Attorney [Andrew Koenig] as assignee of, all EAJA fee[s] recovered."  Dkt. 28 at 9,
11 Supplemental Declaration of Andrew T. Koenig ("Koenig Suppl. Decl."), ¶ 5, Ex. A.

## III.

## DISCUSSION

**A.  DEFENDANT'S POSITION WAS NOT SUBSTANTIALLY JUSTIFIED**

    **1.  Applicable Law**

EAJA requires a court to "award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  When a court remands a case pursuant to sentence four of 42 U.S.C. § 405(g), the plaintiff is considered the prevailing party for purposes of EAJA.  Shalala v. Schaefer, 509 U.S. 292, 302, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993)

To challenge a request for EAJA fees, the government must show its position was substantially justified.  Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013).  A court's holding that an ALJ's decision was unsupported by substantial evidence is "a strong indication" the government's position was not substantially justified because the substantial evidence and substantially justified standards are "significantly

1 similar[]." Id. at 872 (internal quotation marks omitted); see Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005) ("[I]t will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record'" (quoting Al-Harbi v. I.N.S., 284 F.3d 1080, 1085 (9th Cir. 2002))). If the ALJ's decision lacked substantial justification, the court must award fees and need not address whether the government's litigation position was justified. Tobeler v. Colvin, 749 F.3d 830, 832 (9th Cir. 2014); see also Sampson v. Chater, 103 F.3d 918, 922 (9th Cir. 1996) ("'It is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying administrative decision would not.'" (quoting Flores v. Shalala, 49 F.3d 562, 570 n.11 (9th Cir. 1995))).

**2. Analysis**

Here, Plaintiff is the prevailing party, see Shalala, 509 U.S. at 302, and the ALJ's decision was not substantially justified. Dkts. 18, 22. For the reasons set forth in the October 21, 2019 Report and Recommendation, the ALJ erred by failing to give specific, clear, and convincing reasons for rejecting Plaintiff's testimony and failing to give any reasons for rejecting Pimentel's testimony. Dkt. 18 at 9-13. The Court accordingly remanded pursuant to sentence four of 42 U.S.C. § 405(g) with instructions to the ALJ to reassess the testimony of Plaintiff and Pimentel. Id. at 15. In reaching its conclusions, the Court applied the substantial evidence standard and held the ALJ's decision was unsupported by substantial evidence. Id. at 9-13. The Court noted the ALJ did not make a finding of malingering and improperly based the rejection of Plaintiff's testimony on a generalized statement that it was "not entirely consistent with the medical evidence and other evidence in the record." Id. at 9-12. As to Pimentel's testimony, the Court noted "the ALJ simply summarized Pimentel's testimony but offered no explanation as to what portions of Pimentel's testimony

4

were being disregarded and upon what basis," thereby failing to provide "reasons that are germane" to Pimentel. Id. at 13.

Because the Court found the ALJ's decision was not supported by substantial evidence, the Court finds Defendant has failed to satisfy its burden of showing the underlying action had a reasonable basis both in law and fact. Pierce, 478 U.S. at 565. Accordingly, the Court finds Defendant's position was not substantially justified. Meier, 727 F.3d at 872. Hence, as the prevailing party, Plaintiff is entitled to fees and expenses incurred in this action. 28 U.S.C. § 2412(d)(1)(A).

**B.    THE FEES REQUESTED ARE REASONABLE**

    **1.    Applicable Law**

Courts have the discretion to evaluate the reasonableness of the number of hours claimed by a prevailing party. Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001); Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992). Courts can exclude hours that were not "reasonably expended" or which are "excessive, redundant or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); see also Commissioner, INS v. Jean, 496 U.S. 154, 161, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990) (applying Hensley to EAJA fees); Atkins v. Apfel, 154 F.3d 986, 988-89 (9th Cir. 1998).

In determining reasonableness, courts must consider, among other factors, the complexity of the case or the novelty of the issues, the skill required to perform the service adequately, the customary time expended in similar cases, as well as the attorney's expertise and experience. Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); see also Widrig v. Apfel, 140 F.3d 1207, 1209 n.5 (9th Cir. 1998). In determining what constitutes a reasonable fee award under the EAJA, "courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1136 (9th Cir. 2012) (per curiam) (quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1112-13 (9th Cir. 2008).

Finally, EAJA limits an attorney's hourly rate and the Ninth Circuit has established approved hourly rates for each year in which the attorney's work was performed. Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005) ("Appropriate cost-of-living increases are calculated by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ('CPI–U') for the years in which counsel's work was performed, and then dividing by the CPI–U figure for March 1996, the effective date of EAJA's $125 statutory rate.").[2]

**2. Analysis**

Defendant argues Counsel's fee should be reduced (a) "in light of issues not actually adjudicated"; and (b) because clerical tasks should not be compensated. Dkt. 27.

To begin with, Defendant appears to contend that attorney's fees are not permitted for the two issues Plaintiff challenged but which the Court did not decide when reversing the decision denying benefits. Id. at 7-8 (citing Hardisty v. Astrue, 592 F.3d 1072, 1077 (9th Cir. 2010)). Hardisty, however, discussed only the "substantial justification" component of EAJA fees. After finding the government's position substantially justified in that case, the Ninth Circuit did not reach the question of the reasonableness of fees. This Court joins other courts in the Ninth Circuit that have rejected Defendant's argument. See Adams v. Berryhill, No. CV 17-4030 AFM, 2018 WL 6333694, at *3 (C.D. Cal. Oct. 26, 2018); Greer v. Berryhill, 2018 WL 3197792, at *4 (E.D. Cal. June 26, 2018); Samsaguan v. Colvin, 2014 WL 4988205, at *2 n.1 (C.D. Cal. Oct. 6, 2014); Cudia v. Astrue, 2011 WL 6780907, at *5-*7 (E.D. Cal. Dec. 27, 2011). Accordingly, to the extent that Defendant seeks a reduction of the fee award to only hours spent on the issue on which Plaintiff prevailed, the Court declines to make such a reduction. See Blackwell v. Astrue, 2011

---

[2] Pursuant to EAJA, 28 U.S.C. § 2412 (d)(2)(A), Thangaraja, 428 F.3d at 876-77, and Ninth Circuit Rule 39-1.6, the applicable statutory maximum hourly rates under EAJA, adjusted for increases in the cost of living, are available at https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.

WL 1077765, at *3 (E.D. Cal. Mar. 21, 2011) ("Here, defendant argues that this court should extend Hardisty and limit plaintiff's fees to only hours spent on issues on which plaintiff prevailed.  The court, however, declines to do so.").

Next, Defendant argues that the Court should decline to award fees for routine, clerical tasks that likely did not take 0.1 of attorney time.  Specifically, Defendant objects to the following entries:

| Date | Description | Time |
|---|---|---|
| 11/20/17 | Drafted and faxed request for extension of time to file in federal court to appeals council | 0.1 |
| 12/7/18 | Reviewed appeals council notice granting 35-day extension to file in court; contacted private to locate clt | 0.2 |
| 12/14/18 | Reached clt; got fee agreement and filing fee from clt | 0.2 |
| 12/21/18 | Drafted complaint and all ct docs; filed with ct | 1.0 |
| 12/26/18 | Reviewed ct notices re ref. to mag. Judge and issuance of summons | 0.1 |
| 1/2/19 | Reviewed/approved for filing service of summons, complaint and related docs on all parties | 0.1 |
| 1/30/19 | Reviewed ct notice re def's consent to mag. Judge | 0.1 |
| 4/4/19 | E-mails from/to Ms. Usi at U.S. Atty's Office re sending me certified administrative record ("CAR"); preliminary review | 0.2 |
| 4/5/19 | Reviewed ct notice re def's service of CAR | 0.1 |
| 11/22/19 | Reviewed ct notice re def's filing of objections to report and recommendations | 0.1 |
| 12/19/19 | Reviewed ct order adopting report and recommendation and judgment of remand; noted EAJA deadlines; tct clt re same – l/m | 0.1 |

Dkt. 27 at 9; Koenig Decl., ¶ 4.

In reviewing the specific entries identified by Defendant, the Court finds some of the "rounded-up time-entries turn each task into a discrete 6 or 12 minute event, thereby making the total time billed for performing such routine tasks unreasonable." Adams, 2018 WL 6333694, at *3; see also Delgado v. Colvin, 2014 WL 2465546, at *6 (E.D. Cal. May 30, 2014) ("The cumulative effect of many individual entries such as these – which should take only a glance to perform but are billed at 0.1 hours each – greatly inflates the time billed and potentially saddles the Commissioner with hundreds of dollars of unjustified fee payments."); Cathey v. Comm'r of Soc. Sec., 2013 WL 1694950 at *8 (E.D. Cal. Apr. 18, 2013) ("An experienced practitioner should not take 6 minutes to review, for example, a notice of lodging of administrative transcript, an acknowledgment of receipt of administrative transcript, or certified mail receipts.").  Nevertheless, the Court finds the following entries are more than mere clerical tasks and may reasonably have taken 6 minutes: (a) 12/21/18, where Counsel drafted the Complaint; (b) 1/2/19, when counsel reviewed and approved the summons and Complaint; (c) 4/4/19, when Counsel exchanged emails with Defendant's counsel and conducted a preliminary review of the case; and (d) 12/19/19, when Counsel calculated EAJA deadlines and left a voicemail for Plaintiff. The Court, however, agrees with Defendant that the remaining rounded-up time entries identified above are unreasonable.  Accordingly, the Court will reduce Counsel's hours for 2017 by 0.1, 2018 by 0.5, and 2019 by 0.3, resulting in a total reduction of $182.06[3] and a total award of $7,115.26 plus $400.00 in court costs.

///

///

///

---

[3] 2017: 0.1*$196.79=$19.68;
2018: 0.5*$201.60=$100.80;
2019: 0.3*$205.25=$61.58;
Total: $182.06

## C. FEES MAY BE PAID TO COUNSEL

### 1. Applicable Law

Generally, an EAJA fee award is payable to a prevailing plaintiff rather than to his attorney. Astrue v. Ratliff, 560 U.S. 586, 596-97, 130 S. Ct. 2521, 2529, 177 L. Ed. 2d 91 (2010). Such payment is offset to satisfy any pre-existing debt the plaintiff owes to the federal government. Id. However, when the plaintiff validly assigns his EAJA fee award to his attorney, the amount awarded, subject to any offset, should be paid directly to the attorney. See Phillips v. Colvin, No. CV 12-5308 RNB, 2016 WL 2758250, at *6 (C.D. Cal. May 12, 2016) ("Like this Court, a number of other courts in this district have concluded that Ratliff does not preclude direct payment to a plaintiff's counsel where there has been a valid assignment, subject to an offset."); Cunningham v. Colvin, No. CV 13-1094-E, 2014 WL 3737957, at *5 (C.D. Cal. July 29, 2014) (stating if the government determines a plaintiff does not owe a federal debt, then the government shall cause her EAJA award to be made directly to her counsel, to whom she validly assigned the EAJA award).

### 2. Analysis

Here, Defendant may pay EAJA fees to Plaintiff's counsel, subject to Plaintiff's outstanding federal indebtedness. Astrue, 560 U.S. at 596-97. While Defendant argues EAJA fees must be payable to Plaintiff, Plaintiff appears to have validly assigned his EAJA fees to Counsel. Thus, subject to any offset, Counsel is entitled to direct payment of Plaintiff's EAJA award.

///
///
///
///
///
///
///

9

## IV.
## **ORDER**

Based on the foregoing, IT IS HEREBY ORDERED (1) Counsel's Motion for Equal Access to Justice Act Fees is GRANTED IN PART; and (2) Defendant is directed to pay Counsel the sum of $7,115.26, subject to Plaintiff's outstanding federal debts.

Dated: April 15, 2020

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge